UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CONNECTICUT, | ) ) ) | No. : CV   (   ) |
| Plaintiffs, | ) ) | |
| v. | ) ) | May 1, 2018 |
| NEW ERA REHABILITATION CENTER, EBENEZER KOLADE, M.D., and CHRISTINA KOLADE, M.D., | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs United States of America and the State of Connecticut bring this action against

defendants New Era Rehabilitation Center ("New Era") and its owners, Ebenezer Kolade, M.D.

and Christina Kolade, M.D. (collectively "the Kolades") to recover monies that defendants

wrongfully obtained from the Medicaid program through false or fraudulent claims for payment.

For its causes of action, the United States and the State of Connecticut allege as follows:

## NATURE OF ACTION

1.      The United States brings this action to recover statutory damages and civil

penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. The

State of Connecticut brings this action to recover statutory damages and civil

penalties under the Connecticut False Claims Act, as amended, Conn. Gen. Stat.

§§ 4-274 through 4-289 .  The United States brings this action to recover all

available damages and other monetary relief under the common law or equitable

theories of unjust enrichment and payment by mistake of fact.  The State of

Connecticut also brings this action on behalf of the Connecticut Department of

Social Services ("DSS") to recover all available damages and other monetary relief for breach of contract.

2.     The United States and the State of Connecticut allege that defendant submitted false or fraudulent claims for payment to the Medicaid program for psychotherapy services that were not provided to Medicaid beneficiaries.

## JURISDICTION

3.     This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1345.  The Court possesses supplemental jurisdiction to entertain the Connecticut state law, common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a) and 31 USC §3732(b).

4.     This Court has personal jurisdiction over defendants pursuant to 31 U.S.C. § 3732(a), because defendants are transacting and have transacted business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

5.     Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. §1391(b) because defendants reside and/or transact business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## PARTIES

6.     The United States brings this action on behalf of the Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS).

7.     George Jepsen, Attorney General of the State of Connecticut, also brings this

action in the name of the State of Connecticut by virtue of his authority pursuant

to Conn. Gen. Stat. § 4-276, and on behalf of the DSS.

8.     New Era is a healthcare organization that provides behavioral health and

substance use disorder services to clients, with clinics located in New Haven and

Bridgeport, Connecticut.

9.     The Kolades are physicians licensed to practice medicine in the State of

Connecticut. They are the co-founders and owners of New Era.

## THE FEDERAL FALSE CLAIMS ACT

10.    The federal False Claims Act provides, in pertinent part that:

(a)     Liability for Certain Acts. (1) [A]ny person who—

(A)     knowingly presents, or causes to be presented, a false or

fraudulent claim for payment or approval;

(B)     knowingly makes, uses, or causes to be made or used, a

false record or statement material to a false or fraudulent claim;

* * *

is liable to the United States Government . . . .

(b)     For purposes of this section- (1) the terms "knowing" and

"knowingly"- (A) mean that a person, with respect to information (i) has

actual knowledge of the information; (ii) acts in deliberate ignorance of

the truth or falsity of the information; or (iii) acts in reckless disregard of

the truth or falsity of the information, and (B) require no proof of specific

intent to defraud. 31 U.S.C. § 3729.

## THE CONNECTICUT FALSE CLAIMS ACT

11.     The Connecticut False Claims Act provides, in pertinent part that:

      (a)     No person shall:

            (1)     Knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval under a state-administered health or human services program;

            (2)     Knowingly makes, use or cause to be made or used, a false record or statement material to a false or fraudulent claim under a state-administered health or human services program;

…

      (b)     Any person who violates the provisions of subsection (a) of this section shall be liable to the state. . . .

Conn. Gen. Stat. § 4-275.

\* \* \*

As used in … section 4-275:  (1) "knowing" and  knowingly" means that a person, with respect to information: (A) has actual knowledge of the information; (B) acts in deliberate ignorance of the truth or falsity of the information; or (C) acts in reckless disregard of the truth or falsity of the information, without regard to whether the person intends to defraud; . . .

(7) "State-administered health or human services program" means programs administered by any of the following: . . . the Department of Social Services. . . including such programs reimbursed in whole or in part by the federal government. Conn. Gen. Stat. § 4-274.

## THE MEDICAID PROGRAM

12.     Medicaid is a joint federal-state program that provides health care benefits for

certain persons, including the indigent and disabled.  The federal Medicaid

statutes set forth the minimum requirements for state Medicaid programs to

qualify for federal funding.  42 U.S.C. § 1396a.  The federal share of each state's

Medicaid payments is based on the state's per capita income compared to the

national average.  42 U.S.C. § 1396d (b).  State Medicaid programs pay the

balance, which is referred to as the "state share."  At all times relevant to this

Complaint, the "state share" for the State of Connecticut's Medicaid program was

approximately fifty percent (50%).

13.     DSS administers the Connecticut Medical Assistance Program ("CMAP"), which

includes the Connecticut Medicaid program.  The DSS Commissioner is

authorized to promulgate regulations as necessary to administer the CMAP.

Regs. Conn. State Agencies § 17b-262-523 (13).  The DSS reimburses

participating providers for healthcare services provided to CMAP beneficiaries.

14.     All healthcare providers enrolled in the CMAP must comply with applicable

statutes, regulations and guidelines in order to be reimbursed by the CMAP.  A

provider has a legal duty to have knowledge of the statutes, regulations and

guidelines regarding coverage for CMAP services. A provider of goods and

services to CMAP recipients is obligated to adhere to CMAP requirements in

order to both participate in, and receive payment from, the CMAP through the

DSS.  Regs., Conn. State Agencies § 17b-262-522.

15.     Every person, organization, and entity that wishes to voluntarily participate as a provider in the CMAP is required to enter into a CMAP Provider Enrollment Agreement ("Provider Agreement").

16.     A CMAP provider agrees in the Provider Agreement "[t]o continually adhere to professional standards governing medical care and services and to continually meet state and federal licensure, accreditation, certification or other regulatory requirements, including all applicable provisions of the Connecticut General Statutes and any rule, regulation, or DSS policy promulgated pursuant thereto and certification in the Medicare program, if applicable." Provider Agreement, ¶ 3.

17.     A CMAP provider further agrees to "abide by DSS' Medical Assistance Program Provider Manual(s), as amended from time to time, as well as all bulletins, policy transmittals, notices, and amendments . . . ."  Provider Agreement, ¶ 10.

18.     A CMAP provider also agrees in the Provider Agreement to "submit only those claims for goods and services that are covered by the Connecticut Medical Assistance Program and documented by Provider as being   . . . for compensation that Provider is legally entitled to receive . . . ."  Provider Agreement, ¶ 15.

19.     By executing the Provider Agreement, the CMAP provider, or the provider's authorized representative, acknowledges to "**HAVING READ THIS AGREEMENT AND UNDERSTANDING IT IN ITS ENTIRETY** . . . ." (Emphasis in original). Provider Agreement, page 7.

20.     Defendants have executed Provider Agreements while participating as providers in the CMAP.

**THE FRAUDULENT CONDUCT**

21.     Defendants acted with actual knowledge, deliberate ignorance or reckless

disregard of the laws, regulations and guidance applicable to the Medicaid

program when submitting claims for psychotherapy services.

22.     Defendants provided methadone maintenance services to Medicaid beneficiaries.

23.     Medicaid pays providers a weekly bundled rate for methadone maintenance

services, billed pursuant to CPT code H0020.

24.     Included in that bundled rate is the administration of the methadone dose, medical

care, and counseling.  *See* Regulations of Connecticut State Agencies §17b-262-

822(b)(3).

25.     The counseling services provided to methadone maintenance patients should not

be billed as a separate service.

26.     Defendants submitted claims for methadone maintenance services and were paid

the weekly bundled rate for each methadone patient under New Era's substance

abuse provider number; and then also submitted claims and were paid for

psychotherapy services for the same patients under New Era's mental health clinic

provider number.

27.     The claims defendants submitted to Medicaid for psychotherapy services were not

provided to Medicaid beneficiaries.

28.     Instead of providing psychotherapy services, defendants provided only counseling

services, which were already included in the weekly rate Medicaid reimbursed

New Era for chemical maintenance treatment billed pursuant to code H0020.

29.     These claims for psychotherapy services constituted false or fraudulent claims submitted to the Medicaid program during the time period October 1, 2009 through November 30, 2013.

30.     Defendants' false or fraudulent claims damaged the United States and the State of Connecticut because they allowed defendants to obtain monies to which they were not entitled.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act: Presentation of False Claims)
(31 U.S.C. § 3729(a)(1)(A))

31.     The United States realleges and reincorporates paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

33.     By virtue of the false or fraudulent claims made by the defendants, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### SECOND CAUSE OF ACTION
(False Claims Act: Making or Using False Record or Statement)
(31 U.S.C. § 3729 (a)(1)(B))

34.     The United States realleges and reincorporates paragraphs 1 through 30 as if fully set forth herein.

35.     Defendants knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

36.     By virtue of the false records or false statements made by the defendants, the

        United States suffered damages and therefore is entitled to statutory damages

        under the False Claims Act, to be determined at trial, plus a civil penalty for each

        violation.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

37.     The United States realleges and reincorporates paragraphs 1 through 30 as if fully

        set forth herein.

38.     This is a claim for the recovery of monies by which defendants have been unjustly

        enriched.

39.     By directly or indirectly obtaining federal funds to which they were not entitled,

        defendants were unjustly enriched, and are liable to account and pay such

        amounts, or the proceeds therefrom, which are to be determined at trial, to the

        United States.

### FOURTH CAUSE OF ACTION
(Payment By Mistake)

40.     The United States realleges and reincorporates paragraphs 1 through 30 as if fully

        set forth herein.

41.     This is a claim for the recovery of monies paid by the United States to the

        defendants as a result of mistaken understandings of fact.

42.     The false or fraudulent claims which defendants submitted to the United States

        were paid by the United States based upon mistaken or erroneous understandings

        of material fact.

43.     The United States, acting in reasonable reliance on the accuracy, completeness and truthfulness of the information contained in the claims, paid defendants certain sums of money to which he was not entitled, and defendants are thus liable to account for and pay such amounts, which are to be determined at trial, to the United States.

**FIFTH CAUSE OF ACTION**
(Connecticut False Claims Act: Presentation of False Claims)
(Conn. Gen. Stat. § 4-275 (a) (1))

44.     The State of Connecticut realleges and reincorporates paragraphs 1 through 30 as if fully set forth herein.

45.     Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

46.     By virtue of the false or fraudulent claims made by the defendants, the State of Connecticut suffered damages and therefore is entitled to statutory damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**SIXTH CAUSE OF ACTION**
(False Claims Act: Making or Using False Record or Statement)
(Conn. Gen. Stat. § 4-275 (a) (2))

47.     The State of Connecticut realleges and reincorporates paragraphs 1 through 30 as if fully set forth herein.

48.     Defendants knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

49.     By virtue of the false records or false statements made by the defendants, the State of Connecticut suffered damages and therefore is entitled to statutory

damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## SEVENTH CAUSE OF ACTION
(Breach of Contract)

50.    The State of Connecticut realleges and reincorporates paragraphs 1 through 30 as if fully set forth herein.

51.    At all times herein mentioned, defendants were parties to a written contract with the DSS whereby defendants were approved and authorized to provide medical care and treatment to Medicaid beneficiaries in compliance with the Provider Agreement.

52.    The DSS has complied with all obligations required of it under the terms and conditions of the Provider Agreement.

53.    Between October 1, 2009 through November 30, 2013, defendants failed to comply with applicable statutes, regulations and guidelines that govern reimbursement pursuant to the CMAP thereby breaching their obligations under the Provider Agreement by submitting inaccurate and false claims to the DSS for psychotherapy services that were not provided to Medicaid beneficiaries.

54.    The false claims submitted by defendants and paid by the DSS as a direct and proximate result of defendants' breach of the Provider Agreement constitute the actual damages sustained by the State of Connecticut, which are to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the United States and the State of Connecticut demand and pray that

judgment be entered in its favor against defendants as follows:

a. On the First and Second Causes of Action under the federal False

   Claims Act, as amended, for the amount of statutory damages, and

   such civil penalties as are required by law, together with all such

   further relief as may be just and proper.

b. On the Fifth and Sixth Causes of Action under the Connecticut False

   Claims Act, as amended, for the amount of statutory damages, and

   such civil penalties as are required by law, together with all such

   further relief as may be just and proper.

c. On the Third, Fourth and Seventh Causes of Action, for unjust

   enrichment, payment by mistake and/or breach of contract, for the

   damages sustained and/or amounts by which the defendants were

   unjustly enriched or by which defendants retained illegally obtained

   monies, plus interest, costs, and expenses, and all such further relief as

   may be just and proper.

Respectfully submitted,

JOHN H. DURHAM
ATTORNEY FOR THE UNITED STATES

*/s/ John B. Hughes*
JOHN B. HUGHES
Assistant U.S. Attorney, Chief, Civil Division
Federal Bar No. ct05289
157 Church Street
New Haven, Connecticut 06510

(203) 821-3700
John.Hughes2@usdoj.gov


*/s/ Richard M. Molot*
RICHARD M. MOLOT
Assistant United States Attorney
Federal Bar No. ct21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Richard.Molot2@usdoj.gov

GEORGE JEPSEN
CONNECTICUT ATTORNEY GENERAL

*/s/ Antonia C. Conti, Robert B. Teitelman*
ANTONIA C. CONTI (Federal Bar No. ct24676)
ROBERT B. TEITELMAN (Federal Bar No. ct06413)
Assistant Attorney General
State of Connecticut
55 Elm Street
Hartford, CT 06106
860-808-5040
Antonia.Conti@ct.gov
Robert.Teitelman@ct.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2018, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on this Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

In addition, I hereby certify that on May 1, 2018, a true and correct copy of the foregoing Complaint was served by electronic mail on:

Maureen Weaver, Esq.,
Jody Erdfarb, Esq.
Wiggin and Dana
One Century Tower
P.O. Box 1832
New Haven, Connecticut 06508
mweaver@wiggin.com
jerdfarb@wiggin.com


Antonia Conti
Robert Teitelman
Assistant Attorneys General
State of Connecticut
Office of the Attorney General
State of Connecticut
55 Elm St.
Hartford, CT  06106
Antonia.Conti@ct.gov
Robert.Teitelman@ct.gov


                            _____/s/ Richard M. Molot_____
                            RICHARD M. MOLOT
                            Assistant United States Attorney